1 | Tanya E. Moore, SBN 206683
K. Randolph Moore, SBN 106933
2 | MOORE LAW FIRM, P.C.
332 North Second Street
3 | San Jose, California 95112
Telephone (408) 298-2000
4 | Facsimile (408) 298-6046

5 | Attorneys for Plaintiff
Sydrian Lofton

6

7

ORIGINAL FILED

E-filing

2011 NOV -9 P 3: 47

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA.–S.N JOSE

ADR

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | SYDRIAN LOFTON,

12 |     Plaintiff,

13 |     vs.

14 | MARDESICH COMPANY SOUTHGATE,
LLC, SIX TO MIDNITE, INC. dba
15 | SOUTHGATE LIQUORS, RICHARD
MICHAEL MOGANNAM dba ALEXI'S
16 | RESTAURANT,

17

18 |     Defendants.

No. CV 11-05451

**PLAINTIFF'S COMPLAINT ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)**

19

20 | **I.  SUMMARY**

21 |     1.    This is a civil rights action by plaintiff Sydrian Lofton ("Lofton") for

discrimination at the building, structure, facility, complex, property, land, development,

22 | and/or surrounding business complex known as:

23 | Southgate Center
445 Blossom Hill Road
24 | San Jose, California 95123
25 | (hereafter "Southgate Center Common Areas Facility")

26 | Southgate Liquors
445 Blossom Hill Road, F
27 | San Jose, California 95123
28 | (hereafter "Southgate Liquors Facility")

*Lofton v. MARDESICH COMPANY SOUTHGATE, LLC, et al.*
Complaint

1   Alexi's
    445 Blossom Hill Road
2   San Jose, CA  95123
    (hereafter "Alexi's Facility")
3

4        Each of the facilities identified above shall be collectively referred to hereinafter as

5   "The Facilities."

6        2.      Pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et

7   seq.) ("ADA"), and related California statutes, Lofton seeks damages, injunctive and

8   declaratory relief, attorney fees and costs, against:

9        a)      MARDESICH COMPANY SOUTHGATE, LLC (hereafter "Southgate Center

10  Common Areas Defendant");

11       b)      SIX TO MIDNITE, INC. dba SOUTHGATE LIQUORS (hereafter "Southgate

12  Liquors Defendants");

13       c)      RICHARD   MICHAEL   MOGANNAM   dba   ALEXI'S   RESTAURANT

14  (hereafter "Alexi's Defendants").

15       The above-named defendants are collectively referred to herein as "Defendants."

16                          **II.     JURISDICTION**

17       3.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for

18  ADA claims.

19       4.      Supplemental jurisdiction for claims brought under parallel California law –

20  arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

21       5.      Lofton's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

22                            **III.     VENUE**

23       6.      All actions complained of herein take place within the jurisdiction of the

24  United States District Court, Northern District of California, and venue is invoked pursuant

25  to 28 U.S.C. § 1391(b), (c).

26                           **IV.     PARTIES**

27

28

*Lofton v. MARDESICH COMPANY SOUTHGATE, LLC, et al.*
Complaint

1    7.    Southgate Center Common Areas Defendants own, operate, and/or lease
2  Southgate Center Common Areas Facility, and consist of a person (or persons), firm, and/or
3  corporation.

4    8.    Southgate Liquors Defendants own, operate and/or lease the Southgate
5  Liquors Facility, and consist of a person (or persons), firm, and/or corporation.

6    9.    Alexi's Defendants own, operate and/or lease the Alexi's Facility, and consist
7  of a person (or persons), firm, and/or corporation.

8    10.    Lofton is confined in a wheelchair.  Consequently, Lofton is "physically
9  disabled," as defined by all applicable California and United States laws, and a member of
10  the public whose rights are protected by these laws.

11                        **V.    FACTS**

12    11.    Southgate Center Common Areas Facility is a sales or retail establishment,
13  open to the public, which is intended for nonresidential use and whose operation affects
14  commerce.

15    12.    The Southgate Liquors Facility is a sales or retail establishment, open to the
16  public, which is intended for nonresidential use and whose operation affects commerce.

17    13.    The Alexi's Facility is a sales or retail establishment, open to the public,
18  which is intended for nonresidential use and whose operation affects commerce.

19    14.    Lofton visited these Facilities and encountered barriers (both physical and
20  intangible) that interfered with – if not outright denied – her ability to use and enjoy the goods,
21  services, privileges and accommodations offered at the Facilities.

22  **SOUTHGATE CENTER COMMON AREAS FACILITY**

23    15.    While visiting the Southgate Center Common Areas, Lofton personally
24  encountered the following barriers:

25    a)    While attempting to visit the Southgate Liquors Facility, Lofton could not find a
26  wheelchair accessible route of travel from the sidewalk to the entrance of the Facility and had
27  to navigate her wheelchair through the entire parking lot, travelling dangerously behind parked
28  cars and in lanes of traffic on an uneven and sloped ground;

*Lofton v. MARDESICH COMPANY SOUTHGATE, LLC, et al.*
Complaint

1          b)      While attempting to visit the Alexi's Facility, Lofton had to risk tipping over
2    her wheelchair to ascend an illegal built up ramp in front of the Facility.

3          16.     Lofton was also deterred from visiting Southgate Center Common Areas
4    because she became aware that the goods, services, facilities, privileges, advantages, and
5    accommodations were and are unavailable to physically disabled patrons at the Southgate
6    Center Common Areas. Lofton continues to be deterred from visiting the Facility because of
7    the future threats of injury created by these barriers due to her physical disabilities including,
8    but not limited to:

9          1)  Missing and/or incorrect warning signage is installed at the parking facilities;
10         2)  Accessible parking spaces and access aisles are not properly configured and/or
11             exceed the maximum slope allowed;
12         3)  Parking spaces and/or access aisles reserved for persons with disabilities are
13             improperly marked and/or identified;
14         4)  There is no properly configured and/or identified accessible route connecting
15             accessible buildings, accessible facilities, accessible elements and accessible spaces
16             that are on the site with public sidewalks.

17         These barriers prevented Lofton from enjoying full and equal access at the Southgate
18   Center Common Areas.  Lofton enjoys the goods and services offered at the Southgate Center
19   Common Areas, lives in San Jose, and will return to the Southgate Center Common Areas once
20   the barriers are removed.

21         17.     Southgate Center Common Areas Defendants knew or should have known that
22   these elements and areas of the Southgate Center Common Areas were inaccessible, violate
23   state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover,
24   Southgate Center Common Areas Defendants have the financial resources to remove these
25   barriers from the Southgate Center Common Areas (without much difficulty or expense), and
26   make the Southgate Center Common Areas accessible to the physically disabled.  To date,
27   however, Southgate Center Common Areas Defendants refuse to either remove those barriers
28   or seek an unreasonable hardship exemption to excuse non-compliance.

*Lofton v. MARDESICH COMPANY SOUTHGATE, LLC, et al.*
Complaint

1    18.    At all relevant times, Southgate Center Common Areas Defendants have
2    possessed and enjoyed sufficient control and authority to modify the Southgate Center
3    Common Areas to remove impediments to wheelchair access and to comply with the
4    Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Southgate
5    Center Common Areas Defendants have not removed such impediments and have not
6    modified the Southgate Center Common Areas to conform to accessibility standards.
7    Southgate Center Common Areas Defendants have intentionally maintained the Southgate
8    Center Common Areas in its current condition and have intentionally refrained from altering
9    the Southgate Center Common Areas so that it complies with the accessibility standards.

10   **SOUTHGATE LIQUORS FACILITY**

11    19.    While visiting the Southgate Liquors Facility, Lofton personally encountered
12   the following barriers:

13    a)    While attempting to visit the Southgate Liquors Facility Lofton could not find a
14   wheelchair accessible route of travel from the sidewalk to the entrance of the Facility and had
15   to navigate her wheelchair through the entire parking lot, travelling dangerously behind parked
16   cars and in lanes of traffic over a dangerously sloped and uneven ground;

17    b)    Lofton could not enter the store because the entrance was blocked and there was
18   insufficient clearance left for her wheelchair to enter.

19    20.    Lofton was also deterred from visiting Southgate Liquors Facility because she
20   became aware that the goods, services, facilities, privileges, advantages, and accommodations
21   were and are unavailable to physically disabled patrons at the Southgate Liquors Facility.
22   Lofton continues to be deterred from visiting the Facility because of the future threats of injury
23   created by these barriers due to her physical disabilities including, but not limited to:

24        1) Missing and/or incorrect warning signage is installed at the parking facilities;

25        2) Accessible parking spaces and access aisles are not properly configured and/or
26           exceed the maximum slope allowed;

27        3) Parking spaces and/or access aisles reserved for persons with disabilities are
28           improperly marked and/or identified;

*Lofton v. MARDESICH COMPANY SOUTHGATE, LLC, et al.*
Complaint

1   4) There is no properly configured and/or identified accessible route connecting
2       accessible buildings, accessible facilities, accessible elements and accessible spaces
3       that are on the site;
4   5) There is insufficient clearance provided for the wheelchair access inside the facility;
5   6) There is no accessible register/service counter/check stand provided and/or the
6       register provided is not properly identified/configured.
7   These barriers prevented Lofton from enjoying full and equal access at the Southgate
8   Liquors Facility.   Lofton enjoys the goods and services offered at the Southgate Liquors
9   Facility, lives in San Jose, and will return to the Southgate Liquors Facility once the barriers
10  are removed.
11      21.    Southgate Liquors Facility Defendants knew or should have known that these
12  elements and areas of the Southgate Liquors Facility were inaccessible, violate state and
13  federal law, and interfere with (or deny) access to the physically disabled.  Moreover,
14  Southgate Liquors Facility Defendants have the financial resources to remove these barriers
15  from the Southgate Liquors Facility (without much difficulty or expense), and make the
16  Southgate Liquors Facility accessible to the physically disabled.  To date, however, Southgate
17  Liquors Facility Defendants refuse to either remove those barriers or seek an unreasonable
18  hardship exemption to excuse non-compliance.
19      22.    At all relevant times, Southgate Liquors Facility has possessed and enjoyed
20  sufficient control and authority to modify the Southgate Liquors Facility to remove
21  impediments to wheelchair access and to comply with the Americans with Disabilities Act
22  Accessibility Guidelines and Title 24 regulations.  Southgate Liquors Facility Defendants
23  have not removed such impediments and have not modified the Southgate Liquors Facility to
24  conform to accessibility standards.  Southgate Liquors Facility Defendants have intentionally
25  maintained the Southgate Liquors Facility in its current condition and have intentionally
26  refrained from altering the Southgate Liquors Facility so that it complies with the
27  accessibility standards.
28

*Lofton v. MARDESICH COMPANY SOUTHGATE, LLC, et al.*
Complaint

1    **ALEXI'S FACILITY**

2         23.    While visiting the Alexi's Facility, Lofton personally encountered the following

3    barriers:

4         a)    While attempting to visit the Alexi's Facility, Lofton had to risk tipping over

5    her wheelchair to ascend an illegal built up ramp in front of the Facility;

6         b)    Lofton was not able to find any accessible seating inside the Alexi's Facility

7    and ate her food while seated in her wheelchair right outside the facility on the sidewalk;

8         c)    Lofton was not able to wash her hands because the route to the public restroom

9    was not wide enough for her wheelchair;

10        d)    Upon leaving the Alexi's Facility Lofton was unable to locate an accessible

11   route to the public sidewalk and as a result again had to navigate her wheelchair through the

12   entire parking lot, travelling dangerously behind parked cars and in lanes of traffic on an

13   uneven and sloped ground.

14        24.    Lofton was also deterred from visiting the Alexi's Facility because she became

15   aware that the goods, services, facilities, privileges, advantages, and accommodations were and

16   are unavailable to physically disabled patrons at the Alexi's Facility. Lofton continues to be

17   deterred from visiting the Alexi's because of the future threats of injury created by these

18   barriers due to her physical disabilities including, but not limited to:

19        1) Missing and/or incorrect warning signage is installed at the parking facilities;

20        2) Accessible parking spaces and access aisles are not properly configured and/or

21           exceed the maximum slope allowed;

22        3) Parking spaces and/or access aisles reserved for persons with disabilities are

23           improperly marked and/or identified;

24        4) There is no properly configured and/or identified accessible route connecting

25           accessible buildings, accessible facilities, accessible elements and accessible spaces

26           that are on the site;

27        5) There is no accessible seating provided for a wheelchair inside the facility;

28

*Lofton v. MARDESICH COMPANY SOUTHGATE, LLC, et al.*
Complaint

1       6)  There is no accessible service counter/check stand provided and/or the register

2            provided is not properly identified/configured;

3       7)  There is no accessible restroom provided.

4       These barriers prevented Lofton from enjoying full and equal access at the Alexi's

5  Facility.  Lofton enjoys the goods and services offered at the Alexi's Facility, lives in San

6  Jose, and will return to Alexi's Facility once the barriers are removed.

7      25.    Alexi's Facility Defendants knew or should have known that these elements and

8  areas of the Alexi's Facility were inaccessible, violate state and federal law, and interfere with

9  (or deny) access to the physically disabled.  Moreover, Alexi's Facility Defendants have the

10  financial resources to remove these barriers from the Alexi's Facility (without much difficulty

11  or expense), and make the Alexi's Facility accessible to the physically disabled.  To date,

12  however, Alexi's Facility Defendants refuse to either remove those barriers or seek an

13  unreasonable hardship exemption to excuse non-compliance.

14      26.    At all relevant times, the Alexi's Facility has possessed and enjoyed sufficient

15  control and authority to modify the Alexi's Facility, to remove impediments to wheelchair

16  access and to comply with the Americans with Disabilities Act Accessibility Guidelines and

17  Title 24 regulations.  Alexi's Facility Defendants have not removed such impediments and

18  have not modified the Alexi's Facility to conform to accessibility standards.  Alexi's Facility

19  Defendants have intentionally maintained the Alexi's Facility in its current condition and

20  have intentionally refrained from altering the Alexi's Facility so that it complies with the

21  accessibility standards.

22                  **VI. FIRST CLAIM**

23             **Americans with Disabilities Act of 1990**

24           Denial of "Full and Equal" Enjoyment and Use

25      27.    Lofton incorporates the allegations contained in paragraphs 1 through 26 for

26  this claim.

27      28.    Title III of the ADA holds as a "general rule" that no individual shall be

28  discriminated against on the basis of disability in the full and equal enjoyment (or use) of

*Lofton v. MARDESICH COMPANY SOUTHGATE, LLC, et al.*
Complaint

1 | goods, services, facilities, privileges, and accommodations offered by any person who owns,
2 | operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

3 |     29.    Defendants discriminated against Lofton by denying her "full and equal
4 | enjoyment" and use of the goods, services, facilities, privileges and accommodations of the
5 | Facility during each visit and each incident of deterrence.

6 | Failure to Remove Architectural Barriers in an Existing Facility

7 |     30.    The ADA specifically prohibits failing to remove architectural barriers, which
8 | are structural in nature, in existing facilities where such removal is readily achievable. 42
9 | U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily
10 | accomplishable and able to be carried out without much difficulty or expense." Id. §
11 | 12181(9).

12 |     31.    When an entity can demonstrate that removal of a barrier is not readily
13 | achievable, a failure to make goods, services, facilities, or accommodations available through
14 | alternative methods is also specifically prohibited if these methods are readily achievable.
15 | Id. § 12182(b)(2)(A)(v).

16 |     32.    Here, Lofton alleges that Defendants can easily remove the architectural
17 | barriers at the Facility without much difficulty or expense, and that Defendants violated the
18 | ADA by failing to remove those barriers, when it was readily achievable to do so.

19 |     33.    In the alternative, if it was not "readily achievable" for Defendants to remove
20 | the Facility's barriers, then Defendants violated the ADA by failing to make the required
21 | services available through alternative methods, which are readily achievable.

22 | Failure to Design and Construct and Accessible Facility

23 |     34.    Lofton alleges on information and belief that the Facility was designed and
24 | constructed (or both) after January 26, 1992 – independently triggering access requirements
25 | under Title III or the ADA.

26 |     35.    The ADA also prohibits designing and constructing facilities for first
27 | occupancy after January 16, 1993, that are not readily accessible to, and usable by,
28 |

*Lofton v. MARDESICH COMPANY SOUTHGATE, LLC, et al.*
Complaint

1  individuals with disabilities when it was structurally practicable to do so.   42 U.S.C. §
2  12183(a)(1).

3       36.    Here, Defendants violated the ADA by designing and constructing (or both)
4  the Facility in a manner that was not readily accessible to the physically disabled public –
5  including Lofton – when it was structurally practical to do so.[1]

6                   Failure to Make an Altered Facility Accessible

7       37.    Lofton alleges on information and belief that the Facility was modified after
8  January 26, 1992, independently triggering access requirements under the ADA.

9       38.    The ADA also requires that facilities altered in a manner that affects (or could
10 affect) its usability must be made readily accessible to individuals with disabilities to the
11 maximum extent feasible.   42 U.S.C. § 12183(a)(2).   Altering an area that contains a
12 facility's primary function also requires making the paths of travel, bathrooms, telephones,
13 and drinking fountains serving that area accessible to the maximum extent feasible. Id.

14      39.    Here, Defendants altered the Facility in a manner that violated the ADA and
15 was not readily accessible to the physically disabled public – including Lofton – to the
16 maximum extent feasible.

17

18                 Failure to Modify Existing Policies and Procedures

19      40.    The ADA also requires reasonable modifications in policies, practices, or
20 procedures, when necessary to afford such goods, services, facilities, or accommodations to
21 individuals with disabilities, unless the entity can demonstrate that making such
22 modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

23      41.    Here, Defendants violated the ADA by failing to make reasonable
24 modifications in policies, practices, or procedures at the Facility, when these modifications
25 were necessary to afford (and would not fundamentally alter the nature of) these goods,
26 services, facilities, or accommodations.

27

28
---
[1] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.
*Lofton v. MARDESICH COMPANY SOUTHGATE, LLC, et al.*
Complaint

1       42.    Lofton seeks all relief available under the ADA (i.e., injunctive relief,
2   attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

3       43.    Lofton also seeks a finding from this Court (i.e., declaratory relief) that
4   Defendants violated the ADA in order to pursue damages under California's Unruh Civil
5   Rights Act or Disabled Persons Act.

6   **VII.   SECOND CLAIM**

7   **Disabled Persons Act**

8       44.    Lofton incorporates the allegations contained in paragraphs 1 through 43 for
9   this claim.

10      45.    California Civil Code § 54 states, in part, that: Individuals with disabilities
11  have the same right as the general public to the full and free use of the streets, sidewalks,
12  walkways, public buildings and facilities, and other public places.

13      46.    California Civil Code § 54.1 also states, in part, that: Individuals with
14  disabilities shall be entitled to full and equal access to accommodations, facilities, telephone
15  facilities, places of public accommodation, and other places to which the general public is
16  invited.

17      47.    Both sections specifically incorporate (by reference) an individual's rights
18  under the ADA. *See* Civil Code §§ 54(c) and 54.1(d).

19      48.    Here, Defendants discriminated against the physically disabled public –
20  including Lofton – by denying them full and equal access to the Facility. Defendants also
21  violated Lofton's rights under the ADA, and therefore, infringed upon or violated (or both)
22  Lofton's rights under the Disabled Persons Act.

23      49.    For each offense of the Disabled Persons Act, Lofton seeks actual damages
24  (both general and special damages), statutory minimum damages of one thousand dollars
25  ($1,000), declaratory relief, and any other remedy available under California Civil Code §
26  54.3.

27      50.    Lofton also seeks to enjoin Defendants from violating the Disabled Persons
28  Act (and ADA) under California Civil Code § 55, and to recover reasonable

*Lofton v. MARDESICH COMPANY SOUTHGATE, LLC, et al.*
Complaint

1  attorneys' fees and costs incurred under California Civil Code §§ 54.3 and 55.

2                              **VIII.   THIRD CLAIM**

3                          **Unruh Civil Rights Act**

4        51.     Lofton incorporates the allegations contained in paragraphs 1 through 51 for

5  this claim.

6        52.     California Civil Code § 51 states, in part, that: All persons within the

7  jurisdiction of this state are entitled to the full and equal accommodations, advantages,

8  facilities, privileges, or services in all business establishments of every kind whatsoever.

9        53.     California Civil Code § 51.5 also states, in part that: No business

10  establishment of any kind whatsoever shall discriminate against any person in this state

11  because of the disability of the person.

12        54.     California Civil Code § 51(f) specifically incorporates (by reference) an

13  individual's rights under the ADA into the Unruh Act.

14        55.     Defendants' aforementioned acts and omissions denied the physically

15  disabled public – including Lofton – full and equal accommodations, advantages, facilities,

16  privileges and services in a business establishment (because of their physical disability).

17        56.     These acts and omissions (including the ones that violate the ADA) denied,

18  aided or incited a denial, or discriminated against Lofton by violating the Unruh Act.

19        57.     Lofton was damaged by Defendants' wrongful conduct, and seeks statutory

20  minimum damages of four thousand dollars ($4,000) for each offense.

21        58.     Lofton also seeks to enjoin Defendants from violating the Unruh Act (and

22  ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

23  § 52(a).

24                              **IX. FOURTH CLAIM**

25            **Denial of Full and Equal Access to Public Facilities**

26        59.     Lofton incorporates the allegations contained in paragraphs 1 through 59 for this

27  claim.

28        60.     Health and Safety Code § 19955(a) states, in part, that:  California public

*Lofton v. MARDESICH COMPANY SOUTHGATE, LLC, et al.*
Complaint

1  accommodations or facilities (built with private funds) shall adhere to the provisions of
2  Government Code § 4450.

3      61.     Health and Safety Code § 19959 states, in part, that: Every existing (non-
4  exempt) public accommodation constructed prior to July 1, 1970, which is altered or
5  structurally repaired, is required to comply with this chapter.

6      62.     Lofton alleges the Facility is a public accommodation constructed, altered, or
7  repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government
8  Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code §
9  19956.

10      63.     Defendants' non-compliance with these requirements at the Facility aggrieved
11  (or potentially aggrieved) Lofton and other persons with physical disabilities. Accordingly,
12  Lofton seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

13                         X.     PRAYER FOR RELIEF
14  WHEREFORE, Lofton prays judgment against Defendants, and each of them, for:

15      1.  Injunctive relief, preventive relief, or any other relief the Court deems proper.
16      2.  Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act
17          or Disabled Persons Act damages.
18      3.  Statutory minimum damages under either sections 52(a) or 54.3(a) of the California
19          Civil Code (but not both) according to proof.
20      4.  Attorneys' fees, litigation expense, and costs of suit.[2]
21      5.  Interest at the legal rate from the date of the filing of this action.
22      6.  For such other and further relief as the Court deems proper.

23  Dated: November 9, 2011                    MOORE LAW FIRM, P.C.

24
25                                              /s/ Tanya E. Moore
                                                Tanya E. Moore
26                                              Attorneys for Plaintiff,
                                                Sydrian Lofton
27
28  _____
    [2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

    *Lofton v. MARDESICH COMPANY SOUTHGATE, LLC, et al.*
    Complaint